CLARKE v. TENNESSEE ELECTRIC POWER CO. et al.

Eastern Section. March 18, 1933.

Petition for Certiorari denied by Supreme Court, July 19, 1933.

Goins & Gammon, of Chattanooga, for plaintiff in error.
Brown, Spurlock & Brown, of Chattanooga, for defendants in error.

THOMPSON, J. The plaintiff below, Howard Clarke, instituted this suit against the defendants below, Tennessee Electric Power Company and its motorman, John Plank, to recover damages for personal injuries sustained by him, and damages to his motorcycle, occasioned by an accident which happened on February 28, 1931, involving plaintiff, his motorcycle, a street car, and another automobile. At the trial, the court directed a verdict in favor of the defendants at the conclusion of the plaintiff's testimony. His motion for new trial having been overruled, the plaintiff has appealed to this court and has assigned errors.

The plaintiff was twenty-one years of age and was in the employ of the Southern Photo & Blue Print Company, whose place of business was in the defendant's building at the corner of Sixth and Market streets. He rode a motorcycle and made deliveries for said company. About eight-thirty on the morning of February 28, 1931, the plaintiff, for his company, made a delivery to some one in the Volunteer building which is located at the corner of East Ninth street and Georgia avenue, and was returning to his employer's place of business on his motorcycle at the time of the accident. It was not raining at the time of the accident, but had been raining, and the streets were wet and slick.

Upon leaving the Volunteer building, plaintiff rode westwardly to Market street. He then rode northwardly on Market street until he reached its intersection with Seventh street. At Seventh street there were two automobiles in front of plaintiff; one of them being immediately in front of the other. These two automobiles and plaintiff stopped at Seventh street and waited until the signal lights turned green. Then they proceeded northwardly on Market street toward Sixth street. The front automobile passed the State Theatre which fronts on the east side of Market street, and about 100 feet north of Seventh street. There the front automobile stopped suddenly on account of some other automobile pulling out from the curb.

The second automobile, the one immediately in front of plaintiff, also stopped suddenly to avoid running into the automobile immediately in front of it. The two automobiles and plaintiff were running only eight or ten miles per hour, but plaintiff was so close to the automobile in front of him that he bumped into its left rear bumper and probably bounced back a few inches. This automobile and plaintiff were directly in front of the said State Theatre.

The automobile immediately in front of plaintiff, and into which he bumped, was only about two or two and a half feet from the north-bound or east street car track. When plaintiff bumped into the standing automobile immediately in front of him and stopped, he put his left foot on the ground or street about two feet east of the east rail of the north-bound or east street car track. This tilted his motorcycle toward said track. Just as he did so, or a second or two later, a northbound street car came in contact with his motorcycle and carried it forward between it and the standing automobile into which plaintiff had bumped. Plaintiff and his motorcycle were carried forward by the street car until it stopped. When it did stop, plaintiff and his motorcycle were wedged in between the street car and the left front side of said standing automobile. The motorcycle was badly damaged, and the plaintiff sustained several severe injuries. While plaintiff was between the street car and the automobile, both he and the motorcycle were in an upright position, at least to a considerable extent, and the front end of the automobile had to be lifted and moved away from the street car in order to release plaintiff.

Plaintiff and one or two other witnesses testified that they heard no bell or other alarm signal from the street car. Plaintiff testified that the street car was making "pretty good speed," but no one attempted to state just how fast the street car was traveling. The evidence, as a whole, indicates that the street car traveled about the length of the automobile in front of plaintiff, a Plymouth sedan, after it came in contact with plaintiff's motorcycle and before it was brought to a stop.

The evidence indicates that when plaintiff put his left foot on the street and tilted his motorcycle toward the track the street car was only three or four or possibly five feet from said motorcycle. The evidence also indicates that the first point of contact was not the front end of the street car, but was the front right-hand side of it, about the front door on that side.

After examining the record, we are convinced that plaintiff put his motorcycle within striking distance of the street car either as it was passing or so close in front of it that the motorman of said street car had no chance to avoid the accident. Two witnesses for the plaintiff testified that a day or two after the accident the motorman stated that he did not see plaintiff, and that the first he knew of the accident

.was when he heard the noise made by it. This, to some extent, leads us to believe that the street car was probably passing plaintiff or just beginning to pass him when he put his foot on the street and tilted his motorcycle toward the track.

Plaintiff testified that as he was carried forward between the street car and the standing automobile he looked down and saw that the wheels of the street car were sliding along the rails. This, of course, shows that the motorman put on his brakes as soon as he heard the noise.

After examining the testimony of the plaintiff himself, we are convinced that on account of his excitement and the severe injuries which he sustained, he does not know as much about the details of the accident and the exact manner in which it happened as did one or two other witnesses who testified in his behalf, and whose testimony is not quite as favorable to him as was his own testimony.

It is clear from this record that plaintiff did not get within striking distance of the street car until it was either beginning to pass him or was so close behind him that the motorman had no chance to avoid the accident. We are also of the opinion that the evidence failed entirely to show that the street car was traveling at a greater speed than was reasonable under the situation and the circumstances as they existed. And since plaintiff did not get in the path of the street car until it was almost on him, we do not think it can be said that the motorman was negligent in failing to ring a bell or sound an alarm.

It is true that Market street in the city of Chattanooga and in the block in which the accident happened is the principal street of said city, and that the traffic on it is heavy. But taking all of these matters into consideration, and giving full weight to all of the plaintiff's testimony, we fail to see wherein the evidence discloses negligence upon the part of the defendant's motorman.

It results that in our opinion there was no error in the judgment of the trial court, and the same will be affirmed, with costs.